```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

| | | |
|---|---|---|
| **TEODORE J. KRAWEC**, *et al.*, | : | Case No. 1:08-CV-2124 |
| Plaintiffs, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **ALLEGANY CO-OP INSURANCE COMPANY**, *et al.*, | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |

Before the Court is Defendants Allegany Co-op Insurance Company and Allegany County Village Cooperative Fire Insurance Company's (collectively, "Allegany Co-op") Motion o Dismiss the Amended Complaint for Lack of Personal Jurisdiction.¹ (Doc. 28.) For reasons

---

¹
  With one exception, the pending motion treats Allegany Co-op Insurance Company and Allegany County Village Cooperative Fire Insurance Company ("Allegany Fire") identically for purposes of this motion. The exception, however, is not trivial. In a footnote on the first page of its brief, Allegany Co-op states that Allegany Fire does not exist, a contention the Plaintiffs do not dispute. While this could be interpreted as a concession by the Plaintiffs that Allegany Fire is not a proper party in this *or any other* jurisdiction, the Court takes judicial notice that the New York State Department of State lists a non-profit corporation bearing the name Allegany County Village Cooperative Fire Insurance Company as an active entity that was first registered with the state of New York on May 8, 1891.
  Out of an abundance of caution, rather than dismissing Allegany Fire, the Court will assume that is has the power to transfer a defendant who may or may not exist to the Western District of New York. *Cf. United States ex rel. Mayo v. Satan and his Staff*, 54 F.R.D. 282 (W.D. Pa. 1971) (noting unofficial accounts indicating that at least one court has properly exercised jurisdiction over the devil). The Court also relies on the general rule that "[t]he language of § 1406(a) is amply broad … to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not" *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 79 (2d Cir. 1978) (citation omitted). Of course, it is well-established that the transferee court may dismiss Allegany Fire if it no longer exists. *See Schreibeis v. Ret. Plan for Emples. of Duquesne Light Co.*, No. 04-969, 2005 U.S. Dist. LEXIS 33236, at *12 (W.D. Pa. Dec. 15, 2005); *Valeri v. Marriott Corp.*, No. 1997-045, 2002 U.S. Dist.

ore fully explained below, while this motion is generally well-taken, the Court exercises its discretion to **TRANSFER** the instant action to the Western District of New York, rather than dismiss it for lack of jurisdiction. Defendant's Motion to Dismiss (Doc. 28) is, accordingly, **DENIED**.[2]

I. **BACKGROUND**

In late 2005, the Plaintiffs in this action agreed to jointly purchase a vacation home and a parcel of real property in Ellicottville, New York (the "Ellicottville Property"). (First Amended Complaint ("FAC") at ¶ 19.) Among the tasks undertaken by Plaintiffs in furtherance of this agreement was to retain two of the Defendants in this case, Weed-Ross Agency, Inc. and Weed Agency, Inc. (collectively, the "Weed Defendants"), to assist with the purchase of insurance for the Ellicottville Property. (*See id*. at ¶¶ 17, 21.) The Weed Defendants were also agents for Allegany Co-op. (*Compare* Doc. 31 ¶ 17 ("Defendant admits the allegations set forth in paragraph 17 of Plaintiffs' Amended Complaint.) *with* FAC ¶ 17 ("[Weed] acted … as Licensed Agent for the Allegany Defendants as it relates to the sale of insurance to Plaintiffs.").)

On November 17, 2005 the Plaintiffs, with the assistance of the Weed Defendants, executed an application seeking insurance for the Ellicottville Property from Allegany Co-op. (FAC at ¶¶ 20-21.)[3] That insurance policy became effective on December 12, 2005. (*Id*. at ¶

---

[2] LEXIS 9586, at *6 (D.V.I. May 17, 2002). Defendants previously filed a Motion to Dismiss the original complaint. (Doc. 11.) That motion is **MOOT**. Defendants also recently filed a Motion to Stay Discovery and for a Protective order (Doc. 38) pending this ruling. That Motion is **DENIED**. Discovery will proceed pending further order of the transferee court.

[3] Where the Court does not indicate whether an activity occurred in Ohio, it is because the Plaintiffs did not assert that it did. While this is presumably because that activity did not occur in Ohio, the Court makes no finding in that regard.

26.) [4]

On January 4, 2006, the Plaintiffs and Allegany Co-op, again with the assistance of the Weed Defendants, decided to enter into a new, more comprehensive insurance policy. (*Id*. at ¶ 28.) The application for this new policy was prepared by the Weed Defendants in New York and faxed to the Plaintiffs in the Northern District of Ohio. (*Id*. at ¶ 29.) On January 21, 2006, Plaintiffs executed the application for the new policy and faxed the application back to the Weed Defendants, who accepted that application on behalf of Allegany Co-op. (*Id*. at ¶ 30.)

Roughly four weeks later, on February 15, 2006, Allegany Co-op contacted the Plaintiffs in Ohio and informed them that the insurance policy would be cancelled for "failure to submit central station alarm certificate." (*Id*. at ¶ 34.) Around February 21, 2006, after Plaintiffs' (presumably New York) alarm company faxed the required certificate to Allegany Co-op, Allegany Co-op sent Plaintiffs a notice of reinstatement. (*Id*. at ¶ 35.) This notice was sent to Ohio. (*Id*.)

In January 2007, Allegany Co-op sent a renewal correspondence to one of the Plaintiffs in the Northern District of Ohio seeking to renew the insurance agreement between Plaintiffs and Allegany Co-op. (*Id*. at ¶ 36.) Plaintiffs agreed to renew the landlord policy for an additional one year period. (*Id*. at ¶ 37.) This process was repeated in January 2008. (*Id*. at ¶ 38.)

Between November 2005 and May 2008, the Plaintiffs regularly paid premiums to Allegany Co-op to maintain insurance on the Ellicottville Property, mailing those payments from Ohio to New York. (*Id*. at ¶ 39.) These premiums totaled over $6,000. (*Id*.)

On May 28, 2008, a fire occurred at the Ellicottville Property. (*Id*. at ¶ 40.) The fire was ruled to be accidental in nature, with the origin of the fire in the area of the electrical outlet for the kitchen stove. (*Id*.) The fire caused substantial damages in the approximate amount of $230,000.00. (*Id*. at ¶ 41.) Although the insurance contract covers "direct loss by fire, explosion, or smoke," Allegany Co-op denied the Plaintiffs' claim. (*Id*. at ¶ 45.) The Plaintiffs brought this suit alleging, among other claims, breach of contract and insurance bad faith by Allegany Co-op for failure to pay a covered claim. Plaintiffs also asserted a claim labled "breach of the duty of care" against the Weed Defendants for the manner in which they assisted the Plaintiffs. The suit also contains numerous related claims, including a claim of vicarious liability against Allegany Co-op for alleged errors and omissions made by the Weed Defendants.

The Plaintiffs are all residents of the Northern District of Ohio, whereas the Defendants and the Ellicottville Property are located within the Western District of New York.[5]

II. **LEGAL STANDARD**

A. **Motion to Dismiss for Lack of Personal Jurisdiction**

When a defendant moves to dismiss a complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that personal jurisdiction exists. *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (citation omitted); *Swinson v. Fedex Nat'l LTL, Inc.*, No. 08-1028, 2008 U.S. Dist. LEXIS 90026, at *5 (N.D. Ohio Aug. 12, 2008) (citation omitted). A district court ruling on a motion to dismiss for lack of personal jurisdiction may rely on affidavits alone in reaching a decision, may permit discovery to assist with its decision, or may conduct an evidentiary hearing

---

[4] The Plaintiffs' Complaint refers to all dates contained therein as "on or about." For the sake of linguistic simplicity in this order, the Court assumes that this was an overly cautious pleading technique and that events occurred on the particular dates indicated. Specific dates, however, are not relevant to the legal analysis in this order.

[5] Allegany Co-op has its principal place of business in Cuba, New York. (*Id*. at 16.) The Weed Defendants have their principal place of business in Ellicottville, New York. (*Id*. at 17.)

to resolve any apparent factual disputes. *Cleveland Browns Football Co., LLC v. Hawaii-Pacific Apparel*, 90 Fed. Appx. 868, 869 (6th Cir. 2004). "The method selected is left to the discretion of the district court." *Faurecia Exhaust Sys., Inc., v. Walker*, 464 F. Supp. 2d 700, 704 (N.D. Ohio 2006).

Where the court considers defendant's motion based on affidavits alone and neither has the benefit of discovery nor conducts an evidentiary hearing, the pleadings and affidavits must be construed in a light most favorable to the plaintiff, and the plaintiff must only advance a prima facie showing of personal jurisdiction in order to overcome the defendant's motion. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. Mich. 2007) (citation omitted); *J4 Promotions, Inc. v. Splash Dogs, LLC*, No. 08-CV-977, 2009 U.S. Dist. LEXIS 11023, at *13-14 (N.D. Ohio Feb. 13, 2009) (citation omitted). "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a prima facie case for jurisdiction." *J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *13-14 (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).)

In order to determine whether personal jurisdiction over a particular defendant exists, a district court must apply the law of the forum state, subject to the limits of the Due Process Clause of the Fourteenth Amendment. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citation omitted); *Swinson*, 2008 U.S. Dist. LEXIS 90026, at *5-6. As such, federal courts must apply a two-pronged test for personal jurisdiction – (1) "the defendant must be amenable to suit under the forum state's long-arm statute and (2) the due process requirements of the Constitution must be met." *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir. 1994); *Swinson*, 2008 U.S. Dist. LEXIS 90026, at *5-6. Although the long-arm statute in many states extends to the limits of due process, practically obviating the need for both steps of the analysis, this is not true of Ohio. *See id*. Nevertheless, if personal jurisdiction is improper under one prong of the test, it is not necessary to conduct the other. *See generally Condon v. Flying Puck, LLC,* 35 Fed. Appx. 173 (6th Cir. 2002); *Calphalon Corp. v. Rowlette*, 228 F.3d 718 (6th Cir. 2000)).

B. **Sua Sponte Transfer under § 1406(a)**

Even when personal jurisdiction is lacking, a district court has the discretion to transfer a case to a proper forum rather than dismiss it outright. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *see also Flynn v. Greg Anthony Constr. Co.*, 95 Fed. Appx. 726, 738 (6th Cir. 2003).[6] This is true even if a defendant seeks only dismissal. *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-Civ.-6893, 2006 U.S. Dist. LEXIS 25880, at *27-28 (S.D.N.Y.

---

[6] *Flynn* notes that there is a "nearly hopeless muddle of conflicting reasoning and precedent as to which statute, § 1404 or § 1406, properly applies when personal jurisdiction is lacking." *Flynn*, 95 Fed. Appx. at 738 (quotation omitted). This Court finds it the better view to apply § 1406 in such an instance. *J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *84-88. Indeed, it is bound to do so. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) ("[T]ransfer under section 1404(a) may not be granted when the district court does not have personal jurisdiction over the defendants… Unlike section 1404(a), however, section 1406(a) does not require that the district court have personal jurisdiction over the defendants before transferring the case.") (citations omitted). Although some courts have noted that this distinction is academic when personal jurisdiction and venue are improper over all claims and defendants, *Flynn*, 95 Fed. Appx. at 738, the distinction can be meaningful when personal jurisdiction or venue is only improper as to one portion of a case, *see J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *84-88.

May 2, 2006) (Mukasey, J.) ("A court may transfer a case pursuant to 28 U.S.C. § 1406(a) sua sponte even if the defendant moves only to dismiss."); *see also Flynn*, 95 Fed. Appx. at 738-39 ("Congress has enacted a number of statutes that give federal courts the power to transfer cases sua sponte… The procedural obstacles which may be removed by a transfer include[s] the lack of personal jurisdiction."). Indeed, "[i]t is well-established that a district court should transfer some or all of the claims in a case when it finds that it cannot exercise personal jurisdiction." *J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *83. Generally, "[d]oubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer." *Delta Media Group, Inc. v. Kee Group, Inc.*, No. 07-CV-01597, 2007 U.S. Dist. LEXIS 80878, at *24 (N.D. Ohio Oct. 31, 2007) (citation omitted).

### C. Sua Sponte Transfer under § 1404(a)

Courts have broad discretionary powers to transfer civil actions, even when jurisdiction is proper. 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.") A district court may transfer a case sua sponte pursuant to 28 U.S.C. § 1404(a) to any forum in which the plaintiff had the initial right to bring suit "independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *see also Carver v. Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989). However, "[a] court considering sua sponte transfer of venue should inform the parties of its considerations and should give them an opportunity to be heard on the matter." *Abuhouran v. R.L. Morrison,* No. 4:06-CV-1207, 2007 U.S. Dist. LEXIS 88202, at *2 (N.D. Ohio Nov. 30, 2007) (citing *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006)). 7

It has been established that "[w]hen considering whether a change of venue is warranted [under §1404 (a)], the district court must weigh case-specific factors, public-interest factors and private concerns." *Sirak v. J.P. Morgan Chase & Co.*, No. 5:08-CV-169, 2008 U.S. Dist. LEXIS 94328, at *3 (N.D. Ohio Nov. 5, 2008) (citing *Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531 (6th Cir. 2002)). As that court ably explained:

> Case-specific factors include, but are not limited to:
> (1) the nature of the suit;
> (2) the place of events involved;
> (3) relative ease of access to sources of proof;
> (4) nature and materiality of testimony to be elicited from witnesses who must be transported; and
> (5) residences of parties.
>
> Private factors include:
> (1) the relative ease of access to sources of proof;
> (2) the availability of compulsory process for attendance of unwilling witnesses;
> (3) the cost for obtaining attendance of willing witnesses;

---

7 For this reason, on June 4, 2009, the Court issued an order notifying the parties that it was considering transferring this action. (Doc. 40.) That Order invited any briefing the parties wished to provide and specifically noted to the parties the distinction between the possible transfer of Allegany Co-op and the possible transfer of the Weed Defendants. On June 8, 2009, the Weed Defendants filed a brief in support of transfer. (Doc. 41.) On June 11, 2009, the Plaintiffs filed a brief opposing any transfer at all (Doc. 42), and Allegany Co-op filed a brief asking the Court defer any transfer determination until after ruling on Allegany's pending motion to dismiss (Doc. 43).

> (4) the possibility of inspecting the premises, if appropriate; and
> (5) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> Public interest factors include:
> (1) administrative difficulties of courts with congested dockets;
> (2) the burden of jury duty on members of a community with no connection to the litigation;
> (3) the local interest of having localized controversies decided at home; and
> (4) the appropriateness of having diversity cases tried in a forum which is familiar with the governing law.

*Id*. (citations omitted). Finally, the Plaintiffs' choice of forum is also a factor. *See Donia v. Sears Holding Corp.*, 2008 U.S. Dist. LEXIS 43532, at *4 n.2 (N.D. Ohio May 30, 2008). The Plaintiff's choice of forum, however, "is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors." *Id*. (quotation omitted). Indeed, no one factor is dispositive; rather, transfer is appropriate if the balance of these factors "strongly" favors trying the case in the transferee district. *See Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F. Supp.2d 570, 573 (N.D. Ohio 1998). A Court need not extensively discuss each of the 15 previously mentioned factors, but should instead focus its analysis on those factors that are particularly relevant to a given transfer determination. *See J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *67-77; *Sirak*, 2008 U.S. Dist. LEXIS 94328, at *5-9.

IV. **ANALYSIS**
   A. **This Court Does Not Have Personal Jurisdiction Over Allegany Co-op**
   Fundamentally, Allegany Co-op's only connection with Ohio was entering into (and renewing) a contract whose beneficiaries happened to live here.[8] It is clear that "[m]erely

---

[8] This is so even though the Court aggregates the contacts of Allegany Co-op and the Weed Defendants. *See Murray v. NFL*, No. 94-5971, 1996 U.S. Dist. LEXIS 9108, at *47 (E.D. Pa. June 26, 1996) ("[A]n agent's actions may be imputed to its principal to establish minimum contacts for constitutional purposes."). The Court does note, however, that Plaintiffs' are incorrect to imply that that Allegany Co-op is subject to jurisdiction simply because the Weed Defendants did not happen to challenge it. (Doc. 42 at 5.) First, although the Plaintiffs assert that the Weed Defendants have consented to jurisdiction because they failed to challenge it via motion and because they reference the appropriateness of transfer under § 1404(a), as discussed below, the Court reaches no conclusion on this issue. Second, however, even assuming that the Weed Defendants had consented to jurisdiction, a tactical legal decision on the part of an agent is

entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state." *Bell Paper Box v. Trans W. Polymers*, 53 F.3d 920, 922 (8th Cir. 1995); *see also Lak, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1300 (6th Cir. 1989). The disposition of this case, indeed, is strongly informed by *Capital Dredge & Dock Corp. v. Midwest Dredging Co.*, 573 F.2d 377 (6th Cir. 1978). As the Sixth Circuit later described that case:

> The plaintiff in Midwest Dredging, an Ohio corporation, brought an action in Ohio on a contract with a foreign company under which the plaintiff had taken back a subcontract for a dredging project in Illinois. The contract on which suit was filed had been the subject of face-to-face negotiations in Arkansas and Florida, but modifications were negotiated in telephone calls placed by the plaintiff from Ohio, the forum state. The defendant mailed an amended contract to the plaintiff in Ohio, and a vice president of the defendant subsequently traveled to Ohio to obtain the plaintiff's signature on the contract and pick up a check there for $ 250,000, the initial payment under the agreement.
> Although the final signature was placed on the contract in the forum state at a time when an officer of the defendant corporation was physically present in that state, this court, speaking through Judge Peck, accepted the district court's characterization of the defendant's visit as a convenience to the plaintiff. We agreed with the district court that the facts were simply insufficient to establish long-arm jurisdiction over defendant.

*Lak*, 885 F.2d at 1302 (citations and quotation marks omitted).

In this case, the argument for jurisdiction is even more attenuated than that made in *Capital Dredge* – there is no allegation that any representative from Allegany Co-op or the Weed Defendants have ever traveled to Ohio. *See id.* ("Almost a fortiori, it seems to us, the facts of the present case are insufficient to establish long-arm jurisdiction over … a defendant [similar in other respects to the defendant in *Capital Dredge*], when that [defendant] never sent its representatives into the forum state[] and … did not consummate the contract there."); *see also MHF Ins. Agency v. Harris of Kentucky*, No. 95-C-16, 1996 U.S. Dist. LEXIS 402, at *21-22 (N.D. Ill. Jan. 16, 1996) ("The substantive matter with which this lawsuit is concerned is a

---

insufficient to establish jurisdiction over the principle – jurisdiction is established over the principle based on it and the agent's actions during the underlying events, not based on the agent's waiver of a particular argument during litigation.

Kentucky dispute. It arises out of a relationship performed in Kentucky, and out of alleged misappropriation and breaches of various duties in handling the insurance accounts. Therefore, [Defendant] does not have sufficient contacts with Illinois to establish minimum contacts.").[9]

Neither Allegany Co-op nor the Weed Defendants made any effort to reach into Ohio specifically; it just so happens that parties who wished to insure their New York property reside here. *Cf. Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 495 (E.D. Va. 2003) ("Although Bay argues that Bell regularly shipped Bay's cigarettes into the Commonwealth, the Court has already decided that these shipments were not purposefully directed contacts but were fortuitous contacts, made at Bay's request and for Bay's convenience."). Indeed, it is the Ohio Plaintiffs who purchased property in New York, contacted a New York insurance agent, and applied for and purchased insurance from a New York entity. This Court, accordingly, concludes that it may not exercise personal jurisdiction over Allegany Co-op.[10] The Court will not, however, dismiss the case against Allegany Co-op, rather, it will transfer the case under § 1406(a) to the United States District Court for the Western District of New York. *See J4 Promotions*, 2009 U.S. Dist. LEXIS 11023, at *83.[11]

---

[9] To be clear, the circumstances under which the contract in this case were consummated lie somewhere between *Lak* and *Capital Dredge*: in *Capital Dredge* both parties signed the contract in Ohio, in *Lak*, neither did. Here, one did and one did not. The practical importance on these facts, however, is negligible – the Sixth Circuit did not find that the facts of either *Lak* or *Capital Dredge* supported jurisdiction.

[10] Even if this Court could properly exercise jurisdiction, it would still transfer the case under § 1404 (a). *See Sirak*, 2008 U.S. Dist. LEXIS 94328, at *3 (setting forth the factors a court should consider under § 1404 (a)) (citing *Kerobo*, 285 F.3d 531). The only factor in clear opposition to transfer is the Plaintiff's choice of forum. *Cf. Donia*, 2008 U.S. Dist. LEXIS 43532, at *4 n.2 (["The Plaintiff's choice of forum] is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors."). The Plaintiffs, indeed, attempt more than a sentence of argument as to only one other factor in opposition to transfer (the convenience of witnesses) (*see* Doc. 42 at 4), but even that argument is at best neutral, as all non-party witnesses will likely be domiciled in the Western District of New York.

[11] When given the opportunity to submit briefing on this matter, Allegany Co-op asked only that the Court make a determination on the motion to dismiss prior to making a determination whether the case should be transferred. (*See* Doc. 43 at 1.) Allegany Co-op cites

B. **This Court Will Transfer the Case Against the Weed Defendants to the United States District Court for the Western District of New York**

Having transferred the case against Allegany Co-op under § 1406(a), the Court now turns to the remainder of this lawsuit, which asserts a claim against the Weed Defendants. As noted, the Weed Defendants have not filed a motion opposing the exercise of personal jurisdiction over them, but have requested transfer under § 1404(a). (Doc. 41 at 6.)[12] The Plaintiffs for their part, object to the transfer of this case as a whole. They did not, however, express any position as to whether they would prefer to litigate in two forums if this Court found that it did not have jurisdiction over Allegany Co-op, despite being specifically invited to respond to this question. (*See* Doc. 40.)

The Court concludes that the interests of justice support transfer under § 1404(a). Although, as previously indicated, only one factor obviously supports venue in the Northern District of Ohio, many factors support venue in the Western District of New York. Most critical

---

no case law or statute in its brief for support of this approach, and the Court is aware of none. *Cf. Delta Media*, 2007 U.S. Dist. LEXIS 80878, at *24 ("[d]oubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer."). Allegany Co-op also asserts, again without support, that this action more properly lies in the state courts of New York. (*See* Doc. 43 at 1.) It seems from a footnote that Allegany Co-op is asserting that the federal courts may lack subject matter jurisdiction over this action. Allegany Co-op is presumably free to make such an argument to the United States District Court for the Western District of New York, if appropriate.

[12] This results in a somewhat unusual procedural posture, because the Weed Defendants assert that this Court lacks personal jurisdiction in their answer, the Weed Defendants also reference § 1406(a) in their filing (although they do not appear to seek transfer under that provision), and because it is highly likely that the Court does not have personal jurisdiction over the Weed Defendants if they have not, in fact, consented to it. This matter, however, has never been fully briefed and it is usually inappropriate to make a determination on personal jurisdiction without such briefing. An argument could be made that this case is the exception to that rule, given that the Plaintiffs would have been expected to make any arguments in support of jurisdiction over the Weed Defendants as part of their arguments in support of jurisdiction over Allegany Co-op. Still, out of an abundance of caution, the Court has analyzed transfer of the Weed Defendants under § 1404(a). Needless to say, based on the evidence before it, the Court would have concluded that jurisdiction is improper and transferred the case under § 1406(a) for the same reasons that the Court transferred Allegany Co-op.

here is the interest in avoiding piecemeal litigation – the Court can see no advantage, nor does any party assert one, in the prosecution of two closely related parallel proceedings in two different courthouses. *Have a Nice Life, Inc. v. HBO, Inc.*, No. C06-601, 2006 U.S. Dist. LEXIS 44128, at *5 (W.D. Wash. June 16, 2006) ("[T]ransfer will promote judicial efficiency and avoid the risk of inconsistent verdicts with virtually no adverse effects on the private interests of the parties."). [3]

---

[13] This benefits of transfer in this case are particularly great because the Plaintiffs state claims that will necessarily involve substantial overlap in discovery.

III. **CONCLUSION**

For the aforementioned reasons, Allegany Co-op's motion to dismiss (Doc. 28) is **DENIED**. The underlying action against Allegany Co-op is hereby **TRANSFERRED** under § 1406(a), and the underlying action against the Weed Defendants is **TRANSFERRED** under § 1404(a). As previously indicated, moreover, Allegany Co-op's Motion to Dismiss the original complaint (Doc. 11) is **MOOT**, and Allegany Co-op's Motion to Stay Discovery and for a Protective Order (Doc. 38) is **DENIED**.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: July 7, 2009**